IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

LEONOR C. MARQUEZ

    Plaintiff,

    v.

DRUGS UNLIMITED, INC., DISCOUNT GENERICS, INC., CARLOS A. FRAGA

    Defendants.

Civil Action No. 08-2387 (GAG)

**MEMORANDUM OPINION AND ORDER**

Presently before the court is Plaintiff's motion for relief from judgment under Rule 60 (Docket No. 114), which was timely opposed by Defendants (Docket No. 120). For the reasons set forth herein, the court **GRANTS** Plaintiff's motion.

**I.     Standard of Review**

Motions for reconsideration are generally considered under Fed.R.Civ.P. 59 or 60, depending on the time such motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F.Supp. 2d 320, 322 (D.P.R. 2005). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 286 (D.P.R. 1998). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

**II.    Discussion**

In its opinion and order at Docket No. 111, the court dismissed Plaintiff's Law 100 claim

**Civil No. 08-2387 (GAG)**                                     2

because the Plaintiff failed to meet the evidentiary burden to sustain her claim. The court concluded that the Plaintiff did not sufficiently oppose Defendants' allegation that Plaintiff's demotion was not motivated by age based animus. Plaintiff argues in her motion seeking relief from judgment or order that, due to an involuntary error, the court incorrectly held that Plaintiff's hostile work environment claim did not survive under Law 100. She further argues that the claim under Law 100 should have survived, just as the hostile work environment claim survived under the ADEA because "on the merits, age discrimination claims asserted under the ADEA and under Law 100 are coterminous." (See Docket No. 114.)

After reviewing the applicable case law, the court clarifies that in its recently issued opinion and order (Docket No. 111) it incorrectly dismissed Plaintiff's hostile work environment claim under Law 100. As cited in the opinion and order, the First Circuit has held that "on the merits, age discrimination claims asserted under the ADEA and under Law 100 are coterminous." Davila v. Corp. de P. R. para la Difusion Publica, 498 F.3d 9, 18 (1st Cir. 2007). Moreover, as interpreted by this court in a case involving a constructive discharge, a hostile work environment leading up to the adverse employment action may be considered under Law 100 as well as under the ADEA. Flamand v. American International Group, Inc., 876 F. Supp. 356 (1994). Despite dismissing the motion for summary judgment, the court in Flamand considered constructive discharge (or "new working conditions . . . so difficult or unpleasant that a reasonable person in the employee's shoes would . . . [feel] compelled to resign") as a valid claim under Law 100. Id. at 369 (alteration in original). Similarly, on another occasion this court considered a hostile work environment claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq. and recommended the same solution under Puerto Rico's Law 100. Santos v. Banco Santander, 363 F. Supp. 2d 56, 62 n.2 (2005). This case law compels the court to reinstate Plaintiff's Law 100 claim.

As to Defendants' arguments that Plaintiff did not address or oppose Defendants' requests for dismissal regarding Law 100 when she had the opportunity to do so, the court finds them to be without merit since Plaintiff addressed the local claims in her opposition to the motion for summary judgment (Docket No. 92 at 5).

**Civil No. 08-2387 (GAG)**                            3

**III.    Conclusion**

In its previous opinion and order, the court concluded that Plaintiff created an issue of material fact as to whether she was subjected to a hostile work environment fostered by age-based discrimination. Therefore, her Law 100 claim must survive summary judgment. For the foregoing reasons, the court **GRANTS** reconsideration of its previous opinion and order on this ground.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of June, 2010.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge