IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**LEONOR C. MARQUEZ,**

    **Plaintiff,**

    v.                                                                    Civil No. 08-2387 (GAG/BJM)

**DRUGS UNLIMITED, INC., et al.,**

    **Defendants.**

### ORDER

The jury trial in this case shall be rescheduled at the court's earliest open date, and the case is hereby referred to Magistrate Judge Bruce J. Mc Giverin for all further proceedings, including the prompt setting of a pretrial conference and trial date, holding of jury trial, and subsequent entry of judgment, pursuant to 28 USC § 636.

Originally, plaintiff voluntarily consented to proceed before a magistrate judge, while defendants did not consent (see Joint Initial Scheduling Memorandum - Docket No. 24 at 24, item V). Following the court's order setting a firm trial date of October 12, 2010, unless all parties consented to proceed before a magistrate judge (Docket No. 131), defendants also consented (see Docket No. 134 at 2, ¶ 2). Plaintiff, however, now states that she does not consent (see Informative Motion at Docket No. 132).

The court will not permit plaintiff to withdraw her consent. Factors which a court must consider in determining whether to allow a party to withdraw consent, relevant here, are whether the motion to withdraw consent is made in good faith or is dilatory and contrived, and whether the interests of justice would best be served by holding a party to his consent. See Certain Underwriters at Lloyds London v. Corporate Pines Realty Corp., 355 Fed. App'x 778, 779-80 (5th Cir. 2009) (citing Carter v Sea Land Servs., Inc., 816 F.2d 1018, 1021 (5th Cir 1987)(holding that magistrate judge acted within her discretion in denying withdrawal of the referral where defendant presented

**Civil No. 08-2387 (GAG/BJM)**          2

no reason for withdrawal of consent other than it no longer consented)). "Once valid consent to proceed before a magistrate judge is given pursuant to 28 USC § 636(c), a party has no absolute right to withdraw that consent and demand his right to an Article III judge." Carter, 818 F.2d at 1021. "There is no absolute right to withdraw a validly given consent to trial before a magistrate judge and such motions may be granted only on a showing of good cause or extraordinary circumstances. [A] plaintiff does not have a basis for having consent withdrawn just because he changed his mind" Brumley v. Livingston, 2010 WL 3169353, *8 (E.D. Tex. Aug. 9, 2010).

In the case at bar, the interests of justice are best served by holding plaintiff to her original consent. The undersigned Article III judge presently has scheduled for October 12 trial in Civil Case 08-1703(GAG), as well as the instant case. Just six calendar days later, on October 18, 2010, the court has set for trial Criminal 09-312 (GAG) and Civil No. 08-2398(GAG). And, scheduled for November 1, 2010 are Civil cases 08-1420 (GAG), 08-1724(GAG) and 08-2326(GAG). In this extremely congested district, both on the civil and criminal dockets, it is thus extremely important for the court to effectively manage its caseload. This allows the parties and to have their day in court at a firm date. Because it is frequent that judges of this court may have scheduled more than one trial for a same date, magistrate judges are an effective alternative for litigants. Here, because Civil Case 08-1703(GAG) is older than the present case, should both cases ultimately proceed to trial (likely the case, absent a last minute settlement), the present case will have to be continued sine die. Allowing plaintiff to withdraw her consent will, thus, do no justice to defendants and herself. More important, given the above, plaintiff in her motion has not demonstrated extraordinary circumstances to withdraw her valid consent.

Finally, the court notes that the fact that the case will not be tried on October 12, does not mean that Judge Mc Giverin will not set an expedited trial date. From defendants' motion (docket 134), it appears that on or after November, defendants' attorneys are available (although they prefer the case to be tried early next year). The parties are thus at liberty to agree to a mutually convenient trial date.

**Civil No. 08-2387 (GAG/BJM)** 3

**SO ORDERED.**

In San Juan, Puerto Rico this 15th day of September, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge